IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   09-cv-00887-CMA-MJW

JAVIER MUNOZ-MARQUEZ,

Petitioner,

v.

J.  M.  WILNER, Warden, FCI-Florence,

Respondent.

---

**RECOMMENDATION ON
APPLICATION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241
(Docket No. 2)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before this court pursuant to an Order of Referral to United States Magistrate Judge issued on May 28, 2009, by District Judge Christine M. Arguello.  (Docket No. 10).

Petitioner, Javier Munoz-Marquez, is a federal prisoner who is incarcerated at FCI Florence in Colorado.  Before the court for a report and recommendation is the petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (hereinafter "the petition") (Docket No. 2).  Respondent filed a Response to Order to Show Cause (Docket No. 15) to show cause why the court should deny the petition.  The court has considered the petition and the response as well as applicable Federal Rules of Civil Procedure, statutes, and case law and has taken

judicial notice of the court's file.  The court now being fully informed makes the following findings, conclusions of law, and recommendation.  Because the petitioner is proceeding without counsel, the court has "construe[d] his pleadings liberally, but [has not] act[ed] as his advocate."  Ford v. Pryor, 552 F.3d 1174, 1178 (10th Cir. 2008).

In his petition, petitioner asserts that the respondent has refused to apply 33 months and 23 days (or a total of 1,029 days) of detention credits toward the satisfaction of petitioner's 84-month federal prison sentence pursuant to 18 U.S.C. § 3585(b) which he claims he earned from February 3, 2005 (the date he was sentenced in this court) through November 28, 2007 (the date he was paroled by the Colorado state authorities).  Petitioner contends that by applying section 5G1.3(b)(1) of the Sentencing Guidelines, the court is authorized to reduce his "existing federal prison sentence downward by 33 months and 23 days to reflect a new prison term in effect of 50 months and 7 days which would grant [him] the disputed detention credits which he has earned."  (Docket No. 2 at 8).

A petition under 28 U.S.C. § 2241 attacks the execution of a sentence. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).  Here, the portion of the petition which seeks a downward departure should be denied and dismissed because the petitioner is not attacking the execution of his sentence but instead is seeking a modification of an imposed term of imprisonment, and such relief is not obtainable through the instant petition.  Even if the petition were construed as a motion pursuant to 18 U.S.C. § 3582(c), petitioner may very well not be entitled to

relief because there is no showing here that the petitioner's case falls within the limited exceptions provided therein.

To the extent the petitioner attacks the execution of his sentence based upon the respondent's refusal to apply certain detention credits for the time from February 3, 2005, through November 28, 2007, the court recommends that such claim be denied because the court finds no error in the calculation of the petitioner's federal sentence. Respondent has detailed the history in this case, which has not been disputed by the petitioner. Respondent has shown the following. Petitioner was arrested on April 16, 2003, by the Denver Police Department for narcotics offenses. Petitioner was temporarily released to the U.S. Marshal on April 30, 2003, pursuant to a federal writ. On February 3, 2005, he was sentenced in this District (by Judge Walker Miller) to 84 months in custody for conspiracy to distribute and possession with intent to distribute one or more of the following controlled substances: 5 kilograms or more of cocaine, 200 grams or more of heroin, less than 50 grams of marijuana, and more than 50 but less than 500 grams of methamphetamine. The judgment and commitment order was silent regarding its relationship to the impending state sentence in Colorado. Petitioner was returned to the Colorado authorities on March 1, 2005, for disposition of their charge. The following month, on April 8, 2005, he was sentenced in the District Court of Jefferson County to seven years of imprisonment for manufacture of controlled substance. It was ordered that the petitioner receive 653 days of prior custody credit and that the state sentence run concurrently with the federal term. Petitioner paroled from the Colorado state sentence to the federal detainer on

November 28, 2007.

According to the respondent, "[a] sentence computation was completed commencing the 84 month federal sentence on the date [petitioner] paroled from the Colorado state term, November 28, 2007. Prior custody credit was applied to the computation by subtracting 653 days applied to the state sentence beginning on the date of arrest and applying the remainder to the federal sentence from January 28, 2005 [the day after the jail credit from his state sentence ended], until the day before the state sentence was imposed, April 7, 2005. These dates were applied to the federal sentence only because they were not shown to be applied to the Colorado sentence." (Docket No. 15 at 2). Respondent asserts that 18 U.S.C. § 3585(b) precludes the award of the requested 33 months and 23 detention credits because it was time credited to another sentence. Respondent advises that the Bureau of Prisons ("BOP") considers a prisoner's request for prior custody credit for time spent in state custody as a request for *nunc pro tunc* (concurrent) designation. According to the respondent, "[i]n accordance with Program Statement 5 160.05, Designation of State Institution for Service of Federal Sentence, a designation affecting concurrent service of state and federal sentences is made only when it is consistent with the intent of the sentencing federal court or the goals of the criminal justice system." (Docket No. 15 at 3, ¶ 10). Here, the BOP asked that the sentencing court provide its position concerning concurrent designation, but on November 24, 2008, after receiving no response from the court, and conducting a review of the factors outlined in 18 U.S.C. § 3621(b), the BOP determined that a *nunc pro tunc* designation was not appropriate

in this case.

"The computation of a federal sentence requires consideration of two separate issues. Initially [the court] determine[s] the commencement date of the federal sentence and then turn[s] to the extent to which a defendant can receive credit for time spent in custody prior to commencement of sentence." Binford v. United States, 436 F.3d 1252, 1254 (10th Cir. 2006). "A federal statute governs the commencement date: 'A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.'" Comrie v. Wilner, 2010 WL 2178565, *1 (10th Cir. June 1, 2010) (citing 18 U.S.C. § 3585(a)). "A federal sentence does not commence until a prisoner is actually received into federal custody for that purpose." Binford, 436 F.3d at 1255. Therefore, in this case, the BOP properly determined that the petitioner's 84-month federal sentence commenced on the date the petitioner paroled from the Colorado state term, November 28, 2007.

As for credit for time in custody before November 28, 2007, the court looks to 18 U.S.C. § 3585(b). Comrie v. Wilner, 2010 WL 2178565, *2 (10th Cir. June 1, 2010). Section 3585(b) provides:

> **(b) Credit for prior custody.** –A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence

was imposed;

**that has not been credited against another sentence**.

18 U.S.C. § 3585(b) (emphasis added).  Thus, contrary to the petitioner's assertion, he was not entitled to credit under § 3585(b) for the time he was in custody which was credited to his Colorado sentence.

It appears from the petitioner's administrative remedies that he asserts that he should receive credit for the time he served in state custody because the state court provided that the sentence imposed there was to run concurrent with the federal sentence.  (See Docket No. 2 at 14, Amended Judgment of Conviction). The BOP found that "the federal Judgement and Commitment Order was silent regarding the relationship of the federal sentence to any impending state sentence. However, the sentencing Court was contacted and requested to provide input regarding your request.  To date, we have not received any response from the Court.  Based on the above, we have determined that a *nunc pro tunc* designation would not be consistent with the goals of the criminal justice system, and is not appropriate in your case."  (Docket No. 20).  The court finds no error in the BOP's determination.

The sentence imposed by Judge Miller was silent as to whether the term of imprisonment would run concurrently or consecutively to the subsequently-obtained state court sentence and thus is presumed to run consecutively to the state sentence.  See Marker v. Wilner, 2010 WL 358837, *3 (D. Colo. Jan. 27, 2010) ("The state and federal sentences were imposed at different times, and the federal court was silent as to whether the federal sentence was to run

consecutively or concurrently.  Therefore, consistent with the governing statute and precedential interpretation, Applicant's federal sentence runs consecutively to the original [state] sentence."); United States v. Hulsey, 2009 WL 2509206, *6 (D. Colo. Aug. 13, 2009) ("District Court mentioned nothing about whether [petitioner's] federal sentence would run concurrently with other sentences; therefore [his] federal sentence is required to run consecutively to his state sentences.").

"[A]lthough [petitioner's] state sentence provides for concurrent service of the federal and state sentences, the state court's decision cannot alter the federal-court sentence . . . ."  Thomas v. Ledezma, 341 Fed.Appx. 407, 412 (10th Cir. 2009) (quoting United States v. Eccleston, 521 F.3d 1249, 1254 (10th Cir.), cert. denied, 129 U.S. 430 (2008)).  "[T]he determination by federal authorities that [petitioner's] federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction."  Bloomgren v. Belaski, 948 F.2d 688, 691 (10th Cir. 1991).  See Still v. Milyard, 361 Fed.Appx. 908, 910 (10th Cir. 2010) ("[E]ven when a state court imposes a state sentence to be served concurrently with a federal sentence, commencement of the federal sentence remains a matter of federal authority.").

In sum, the court finds no error in the BOP's calculation of the petitioner's federal sentence and additionally that the petitioner cannot seek a downward departure of his sentence through this § 2241 petition.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 **(Docket No. 2)** be **denied and dismissed**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date: June 11, 2010          s/ Michael J. Watanabe
      Denver, Colorado       Michael J. Watanabe
                             United States Magistrate Judge