IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 09-cv-00887-CMA-MJW

JAVIER MUNOZ-MARQUEZ,

    Plaintiff,

v.

J. M. WILNER, Warden, FCI-Florence,

    Defendant.

---

**ORDER REJECTING JUNE 11, 2010 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

    This matter is before the Court on the June 11, 2010 Recommendation by Magistrate Judge Watanabe (Doc. # 22) that Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 2) be denied and dismissed. For the following reasons, the Court REJECTS the Recommendation.

    Petitioner, Javier Munoz-Marquez, is a federal prisoner incarcerated at FCI Florence in Colorado. He attacks the execution of his sentence under § 2241. He asserts that he should receive credit toward his federal sentence for the time he served in state custody because the state court provided that the sentence imposed there was to run concurrent with the federal sentence. (*See* Doc. # No. 2 at 14.)

    He was initially arrested by state authorities on April 16, 2003. Soon after, he was temporarily released to federal custody pursuant to a federal writ. On February 3,

2005, he was sentenced in this Court to 84 months in custody for various drug offenses. The following month, on April 8, 2005, he was sentenced in state court to seven years of imprisonment on a another drug charge. The state court ordered that Petitioner receive 653 days of prior custody credit and that the state sentence run concurrently with the federal sentence. He then began serving his state sentence. On November 28, 2007, he was paroled from that sentence and began his federal sentence. It is the execution of this sentence he now challenges.

Because Petitioner is *pro se*, the Court must liberally construe his filings. It should not, however, act as his advocate. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In addition, the Court must "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is proper if it is filed within fourteen days of the Magistrate Judge's recommendations[1] and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

The Magistrate Judge recommended denying Petitioner's Application, explaining his reasoning in part as follows:

---

[1] Fed. R. Civ. P. 72(a).

The BOP found that "the federal Judgement and Commitment Order was silent regarding the relationship of the federal sentence to any impending state sentence. However, the sentencing Court was contacted and requested to provide input regarding your request. To date, we have not received any response from the Court. Based on the above, we have determined that a *nunc pro tunc* designation would not be consistent with the goals of the criminal justice system, and is not appropriate in your case." (Docket No. 20). The court finds no error in the BOP's determination.

This Court, in its review, finds error in the BOP's determination. The parties are directed to Docket # 841 in Criminal Case No. 03-cr-00179, the case in which Petitioner was sentenced by Judge Miller. That entry is a letter dated September 26, 2008, in response to an inquiry regarding Judge Miller's position on Petitioner's federal sentencing:

Dear Chief Sauers:

In response to your August 27, 2008 letter concerning my decision of a retroactive concurrent designation of the above-referenced defendant, it is my strong recommendation that he be given that concurrent status for purposes of establishing his release date. This court's probation office agrees as indicated in the enclosed letter from Kurt A. Thoene, Supervising Probation Officer.

The defendant was sentenced by me prior to the state court sentence. The intent of the state court judge was to make her sentence concurrent to mine. Certainly, had I been presented with a prior state court sentence concerning the same conduct which was deemed relevant to my case, I would have made the sentence concurrent. Accordingly, it is only fair that this defendant be granted a retroactive concurrent status by your Bureau.

The Court finds the parties have been operating under a critical misunderstanding – the intent of the sentencing judge. It is unclear why Respondent has no record of ever receiving Judge Miller's response to the BOP's inquiry, but the

3

fact of the matter is that Judge Miller clearly states that he thought it only fair to have the Petitioner's sentences run concurrently. Further, Judge Miller strongly recommended that Petitioner be given concurrent status for purposes of establishing his release date. Given this letter, the Court REJECTS the Magistrate Judge's Recommendation.

Because the BOP acknowledges that, if Petitioner were given a retroactive designation, his release date would have been July 24, 2009 (*See* Doc. # 840 at 4 in Case No. 03-cr-00179), it is

ORDERED that counsel for Respondent is to IMMEDIATELY provide to BOP a copy of this Order, together with a copy of Judge Miller's letter, and request that BOP reevaluate its position on Petitioner's release date taking into account Judge Miller's recommendation that Petitioner be given concurrent status. Counsel for Respondent has **10 days** from the date of this Order to update the Court with a written report regarding the BOP's reevaluation of Petitioner's release date.

DATED: August  24 , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge